UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JASON MILES | ) | C/A No.: 4:12-0998-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) REPORT AND RECOMMENDATION | |
| WARDEN JOHN R. OWEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus in the United Sates District Court for the Middle District of Pennsylvania. This case filed pursuant to 28 U.S.C. § 2241[1] was transferred to this court and filed on June 17, 2011. Respondent filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) on June 11, 2012. The undersigned issued an order filed June 11, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion to Dismiss procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on June 27, 2012. Respondent filed a reply on July 9, 2012, and Petitioner filed a sur-reply on July 27, 2012. Pursuant to court order, Respondent filed a response to the sur-reply on November 9, 2012, along with a supplemental declaration of Roy Lathrop. (Doc. #53).

**MOTION TO DISMISS**

A Rule 12(b)(6) motion dismiss examines whether Plaintiff has stated a claim upon which

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**FACTS/ARGUMENTS**

Petitioner is currently incarcerated at the Federal Correctional Institution "FCI" Williamsburg, located in Salters, South Carolina. Petitioner, a federal prisoner, filed his petition

2

seeking credit for the time he allegedly spent in federal custody, from June 20, 2007, until July 31, 2007. Petitioner alleges the federal sentencing court intended for him to receive this credit and the BOP is violating his due process rights by refusing to apply the credit against his federal sentence. (Petition).

By way of background, Petitioner initially filed this petition on June 17, 2011, in the United States District Court of the Middle District of Pennsylvania as he was confined at USP-Allenwood in Pennsylvania. On August 1, 2011, the Respondent filed a response to Petition for Writ of habeas Corpus requesting that the entire matter be transferred to the District of South Carolina because the proper respondent was in that jurisdiction. On August 4, 2011, the Court ordered the Respondent to file an Answer to the Petition. On August 18, 2011, the Respondent filed a motion titled Suggestion of Mootness. In this motion the Respondent suggested the matter was moot because the BOP had granted Petitioner's requested relief. On April 10, 2012, the court issued an Order Transferring the Case to the District of South Carolina. Respondent filed a motion to dismiss asserting the issue in this case is now moot because Petitioner was granted the relief sought in his petition.

Along with the motion to dismiss, Respondent attached the declaration of Roy Lathrop ("Lathrop") (Respondent's Exhibit #1) along with a copy of the "Amended Judgment in a Criminal Case" (Attachment A) and the Sentencing Monitoring Computation Date sheets (Attachment B). Lathrop states that he is the Paralegal Specialist for the BOP and has 17 years experience in performing and reviewing inmate sentence computations. (Id.). As a Paralegal Specialist, Lathrop has access to BOP logs and records maintained on inmates incarcerated within the federal correctional system, as well as, access to the BOP database known as SENTRY which is capable

of generating reports regarding federal inmates, including information about their location, sentence computations, disciplinary history, and administrative remedy filings. (Id.). Petitioner was sentenced on June 5, 2009, to an 84-month term of imprisonment by the United States District Court of the District of Massachusetts for Possession with Intent to Distribute a Cocaine Base. (Id.; Attachment A). Respondent asserts that on July 25, 2011, the BOP amended Petitioner's federal sentence computation and guaranteed him prior custody credit toward his federal sentence for the time period of June 20, 2007, through July 31, 2007, which is the relief requested by Petitioner in his petition. (Id.). Therefore, Respondent argues that no further controversy exists in this matter and it should be dismissed.

Petitioner filed a response to the motion conceding that the "BOP amended the federal sentence computation and granted him custody credit toward his federal sentence for the time period of June 20, 2007, through July 31, 2007 which was the relief he asked for." (Doc. #42). However, in his response and sur-reply, Petitioner attempts to allege that the BOP has taken away prior custody credit for the period of August 1, 2007, through December 31, 2007.[2] Based on the

---

[2] In the reply, Respondent asserts Petitioner did not make any claims regarding prior custody credit for the time period of August 1, 2007, through December 20, 2007, has not provided any evidence that this time has been taken away, did not request to amend his petition to assert a new cause of action, and there is no evidence Petitioner has exhausted this issue under the BOP's administrative remedy program.

Nonetheless, the court instructed the Respondent to respond to this issue. Respondent asserts that Petitioner was arrested by the United States Marshals Service for federal charges on June 20, 2007, and remained in federal custody until July 31, 2007. (See supplemental declaration of Roy Lathrop, doc. #53-1). On August 1, 2007, Petitioner was released into the custody of Massachusetts authorities to serve a 1-year term of state imprisonment. (Id.). Petitioner remained in state custody serving the 1-year term of imprisonment until December 20, 2007, at which time he was released back into federal custody because he had completed service of his state sentence. (Id.). Therefore, Petitioner received pre-trial detention credit in accordance with 18 U.S.C. 3585(b), for the time period he was in federal custody of June 20, 2007, through July 31, 2007, and December 21, 2007, through June 4, 2009. (Id.). Petitioner did not receive, nor is he entitled to, credit for the time period of August 1, 2007, through December 20, 2007, because this was the time he spent serving a 1-year state of Massachusetts term of imprisonment.(Id.). Additionally, respondent contends that "the Federal District Court did not order he be credited with any pre-trial detention time, it merely

4

evidence before this court, Petitioner was in the custody of the Massachusetts authorities serving a 1-year term of state imprisonment for Possession of Class D Drug With Intent to Distribute, Failure to Stop for Police, and Possession of Cocaine with Intent to Distribute. (Supplemental declaration of Lathrop, doc. #53-1). Therefore, he was not in federal custody to receive any pre-trial detention credit.

As Petitioner has received the relief he sought in his petition, this matter is now moot. (See Respondent's Exhibit #1, Attachment B, Sentencing Computation Sheet). Therefore, it is recommended that Respondent's motion to dismiss be granted and this action dismissed as moot for no further controversy exists in this action.

### CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion to dismiss (document #38) be GRANTED and Petitioner's petition for Writ of Habeas Corpus be dismissed as moot.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
December 18, 2012                           United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

recommended he receive credit."  (Doc. #53-1).

5