UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JASON MILES, ) | |
| ) | Civil Action No. 4:12-998-MGL |
| Petitioner, ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| WARDEN JOHN R. OWEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Jason Miles ("Plaintiff"), a Federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 seeking credit for time he allegedly spent in federal custody, from June 20, 2007, until July 31, 2007. (ECF No.1.) Plaintiff is currently housed at the Federal Correctional Institution ("FCI") Williamsburg located in Salters, South Carolina. In accordance with 28 U.S.C. § 636(b) (1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

On June 17, 2011, Respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Petitioner's complaint fails to state a claim upon which relief can be granted. (ECF No. 38.) Petitioner filed a response on June 27, 2012. (ECF No. 42.) Respondent filed a reply on July 9, 2012, and Petitioner filed a sur-reply. (ECF Nos. 44 & 48.) In the sur-reply Petitioner raised new factual allegations. Respondent, pursuant to this Court's order (ECF NO. 50), filed a response to the sur-reply on November 9, 2012. (ECF NO. 53.) Respondent also filed a supplemental declaration of Roy Lathrop who asserted that he was a paralegal specialist for the Bureau of Prisons with seventeen years experience in performing and reviewing inmate sentence computations. (ECF No. 53-1.)

On December 18, 2012, Magistrate Judge Rogers issued a Report and Recommendation

1

("Report") recommending that the Court grant Respondent's Motion to Dismiss and Petitioner's petition for Writ of Habeas Corpus be dismissed as moot. (ECF No. 56.) The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Magistrate's Report and Recommendation. (ECF No. 58.) Upon review, Petitioner's objections raise essentially the same new claims presented to the Magistrate Judge in opposition to Respondent's motion. This Court has conducted a *de novo* review of the Record, the briefing before the Court, and considered Plaintiff's objections. Having done so, this Court agrees with the recommendation of the Magistrate. The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates such without recitation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b) (1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

## DISCUSSION

Before the Court is Respondent's Rule 12(b)(6) Motion to Dismiss which challenges the legal sufficiency of a complaint based on the pleadings. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken

as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Petitioner must put forth enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court must also liberally construe Petitioner's *pro se* complaint to allow for the development of a potentially meritorious case. *See Erikson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Still, the requirement of liberal construction does not give this Court leave to ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Petitioner's complaint seeks credit for time he allegedly spent in custody from June 20, 2007 until July 31, 2007. Petitioner contends that the federal sentencing court intended for him to receive this credit and the Bureau of Prisons is violating his due process rights by refusing to apply the credits against his federal sentence. (ECF No. 1.) Respondent asserts in his Motion to Dismiss that

on July 25, 2011, the Bureau of Prisons amended Petitioner's federal sentence computation and guaranteed him prior custody credit toward his federal sentence for the time period June 20, 2007, until July 31, 2007. Petitioner acknowledged in his response to the Motion to Dismiss that the Bureau of Prisons had granted his credit toward his federal sentence for the time period of June 20, 2007, until July 31, 2007, which was the relief requested by Petitioner in his petition. However, in Petitioner's response and sur-reply, he raises new factual assertions about other custody credit that he alleges that the Bureau of Prisons has taken away. The Court, however, declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court. *See, e.g., Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir.2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomedical Labs., Inc.*, 807 F.Supp. 1212, 1216 (D.S.C.1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

## CONCLUSION

The Court has carefully reviewed the record, the Report and Recommendation and Plaintiff's Objections and concurs in the recommendation of the Magistrate Judge. The Court adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this Order. Defendant's Motion to Dismiss is hereby GRANTED AND Petitioner's petition for a Writ of Habeas Corpus is dismissed as moot. All other outstanding motions are also deemed moot.

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

/s/ Mary G. Lewis
United States District Judge

Florence, South Carolina
January 22, 2013